Peters v. Livingston.

No. 26,398.

THEODORE PETERS, *Appellant,* v. CLINTON A. LIVINGSTON and SADIE C. LIVINGSTON, *Appellees.*

SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER—*Construction and Operation of Contract—Purchase Money.* The proceedings in an action by a vendee of real estate to obtain a deed from the vendor, considered, and *held,* the district court properly interpreted the contracts between the parties, with the exception that "proceeds" of a wheat crop were to be applied on the purchase price, and not "net proceeds."

2. SAME—*Purchase Money—Findings—Sufficiency of Evidence.* The finding of the amount due from plaintiff was not sustained by sufficient evidence.

Appeal from Clark district court; JAY T. BOTTS, judge *pro tem.* Opinion filed January 9, 1926. Reversed.

*Ira E. Lloyd, N. F. Nourse,* both of Ellsworth, and *Robert C. Mayse,* of Ashland, for the appellant.

*F. C. Price* and *F. N. Cossman,* both of Ashland, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a vendee of real estate to obtain an interpretation of his contract with the vendor, to obtain a determination of the amount due from him on the contract, and to obtain a deed. Plaintiff appeals from the judgment rendered.

The land was located in Clark county, and Livingston, the vendor, lived in that county when the sale was made. Peters, the vendee, lived in Ellsworth county. On March 28, 1919, Livingston and Peters signed a contract of sale which provided for subsequent execution of a contract for warranty deed. The price was $7,000, and the contract stated terms of payment. Receipt of $500 was acknowledged. The vendor was to furnish abstract of title and contract for warranty deed. If he failed to do so, the initial payment was to be returned. If the vendee failed to pay $500 more and take up the papers, he forfeited what he had paid. On April 5, Livingston and his wife executed and acknowledged the second contract. It was forwarded to Peters, who executed and acknowledged it on April 14. According to the petition, Peters paid the second $500 about April 28.

Accounts and Accounting, 1 C. J. p. 709 n. 20. Assignments, 5 C. J. p. 598 n. 3. Contracts, 13 C. J. pp. 520 n. 5, 525 n. 40, 549 n. 69.

A crop of wheat was growing on the land, and the first contract contained the following provision:

"One-third of the growing wheat goes with the place. This one-third of the wheat is to go as second payment August 1, 1919, and the balance to draw interest from August 1, 1919, at 6 per cent, and the balance to be paid as follows: $1,000 August 1, 1920; $1,000, 1921; $1,000, 1922; $1,000, 1923; $1,000, 1924, . . ."

The contract for warranty deed stated the consideration as $6,000, without referring to the two payments which reduced the amount due to that sum. This remainder of the total consideration was to be paid in annual installments of $1,000 each, beginning August 1, 1920, "less the proceeds the first party [vendor] received from the second party's [vendee's] one-third interest in the growing wheat."

Plaintiff contends the first contract provided that the wheat crop, whatever it amounted to, paid the installment of $1,000 due August 1, 1919, and the second contract, allowing him credit for the proceeds only which the vendor might receive from the wheat crop, was at variance with the first contract. He pleaded that the change was without consideration, and fraudulently made.

The charge of fraud was not sustained. The allegation was that Livingston said the second contract would be the same as the first, and that, relying on the representation, plaintiff did not read the second contract. Plaintiff testified he supposed the terms would be the same, and so he did not read the second contract. Livingston testified that, when framing the first contract, he told plaintiff he would cover application of proceeds of the wheat crop in the second contract.

The subject of no consideration for the second contract, regarded as an unauthorized departure from the first one, need not be considered. There was no departure, in respect to application of the proceeds of the wheat crop, except in the method of expression.

What do the words, "to go as second payment," used in the first contract, mean—to pay in full, or to apply on? The word "as" may express proportion as well as equality, and so the contract was ambiguous. After hearing competent evidence bearing on the subject, the court found that both contracts meant the wheat crop was to be applied toward payment of the August 1, 1919, installment. Besides that, the court found plaintiff's conduct had been such that he was bound by that interpretation. The findings were sustained by sufficient evidence, which need not be stated here. The finding relating to meaning was that the net one-third of the wheat crop was to be

applied. The second contract reads "proceeds," and not "net proceeds." It correctly expressed what the first contract meant. The court was authorized to resolve ambiguity, but not to change unambiguous terms, and the finding is modified by striking out the word "net."

Defendant rendered an account showing a balance of $280.50 derived from a crop of wheat taken from 160 acres of land. The court accepted the account as correct in computing the balance due on the contract. The account contained items not chargeable to plaintiff, showed on its face it was not stated in good faith, and was not sufficient to sustain the court's finding of balance due.

The judgment of the district court is reversed, and the cause is remanded with direction to require an honest accounting, to find the amount due from plaintiff on his contract, and to render judgment accordingly.